# EXHIBIT "A"

PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 264738
NAME: Will Ramey, Esq.
FIRM NAME: M&Y Personal Injury Lawyers
STREET ADDRESS: 6300 Wilshire Blvd., Suite 807
CITY: Los Angeles STATE: CA ZIP CODE: 90048
TELEPHONE NO.: 877-750-6500 FAX NO.: 877-877-5057
EMAIL ADDRESS: contact@mylawcompany.com
ATTORNEY FOR *(name)*: Arika Janet Flowers and Aubrey Flowers

*FOR COURT USE ONLY*

**Electronically FILED by Superior Court of California, County of Los Angeles 2/24/2026 1:53 PM David W. Slayton, Executive Officer/Clerk of Court, By T. Tang, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 12720 Norwalk Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Norwalk 90650
BRANCH NAME: Norwalk Courthouse

PLAINTIFF: Arika Janet Flowers and Aubrey Flowers
DEFENDANT: Schindler Elevator Corporation; Macy's, Inc.; and
[✓] DOES 1 TO 20

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] **AMENDED *(Number)*:**
**Type *(check all that apply)*:**
[ ] **MOTOR VEHICLE** [✓] **OTHER *(specify)*:** Premises Liability
[ ] **Property Damage** [ ] **Wrongful Death**
[✓] **Personal Injury** [ ] **Other Damages *(specify)*:**

CASE NUMBER: 26NWCV00690

**Jurisdiction** *(check all that apply)*:
[ ] **ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000)**
Amount demanded [ ] does not exceed $10,000
[ ] exceeds $10,000
[✓] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)**
[ ] **ACTION IS RECLASSIFIED by this amended complaint**
[ ] **from limited to unlimited**
[ ] **from unlimited to limited**

1. **Plaintiff** *(name or names)*: Arika Janet Flowers and Aubrey Flowers
alleges causes of action against **defendant** *(name or names)*:
Schindler Elevator Corporation; Macy's, Inc.; and DOES 1 to 20
2. This pleading, including attachments and exhibits, consists of the following number of pages: 7
3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:
   b. [ ] **except** plaintiff *(name)*:
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity *(describe)*:
      (3) [ ] a public entity *(describe)*:
      (4) [ ] a minor [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other *(specify)*:
      (5) [ ] other *(specify)*:

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

| SHORT TITLE: Arika Janet Flowers and Aubrey Flowers v. Schindler Elevator Corporation; Macy's, Inc.; and DOES 1 | CASE NUMBER: 26NWCV00690 |
|---|---|

4. ☐ Plaintiff *(name):*
is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ **except** defendant *(name):* Schindler Elevator Corporation
      (1) ☐ a business organization, form unknown.
      (2) ☑ a corporation.
      (3) ☐ an unincorporated entity *(describe):*
      (4) ☐ a public entity *(describe):*
      (5) ☐ other *(specify):*

   b. ☑ **except** defendant *(name):* Macy's, Inc.
      (1) ☐ a business organization, form unknown.
      (2) ☑ a corporation.
      (3) ☐ an unincorporated entity *(describe):*
      (4) ☐ a public entity *(describe):*
      (5) ☐ other *(specify):*

   c. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*
      (4) ☐ a public entity *(describe):*
      (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*
      (4) ☐ a public entity *(describe):*
      (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants *(specify Doe numbers):* 1-10 were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants *(specify Doe numbers):* 11-20 are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

| SHORT TITLE: Arika Janet Flowers and Aubrey Flowers v. Schindler Elevator Corporation; Macy's, Inc.; and DOES 1 | CASE NUMBER: 26NWCV00690 |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered *(check all that apply)*
   a. ☑ wage loss.
   b. ☑ loss of use of property.
   c. ☑ hospital and medical expenses.
   d. ☑ general damage.
   e. ☑ property damage.
   f. ☑ loss of earning capacity.
   g. ☑ other damage *(specify):*
   Emotional distress

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages.
   (2) ☐ punitive damages.
   b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
   (1) ☑ according to proof.
   (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: February 24, 2026

Will Ramey, Esq.
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

| SHORT TITLE: Arika Janet Flowers, et. al. v. Schindler Elevator Corporation, et. al. | CASE NUMBER: 26NWCV00690 |
|---|---|

One (number)

# CAUSE OF ACTION—Premises Liability

Page 4

ATTACHMENT TO [x] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name):* Arika Janet Flowers and Aubrey Flowers

alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

On *(date)*: May 9, 2025 plaintiff was injured on the following premises in the following fashion *(description of premises and circumstances of injury):*

Macy's. 500 Los Cerritos Center Rm 1, Cerritos, CA 90703

Prem.L-2. [x] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*

Schindler Elevator Corporation; Macy's, Inc.; and

[x] Does 1 to 20

Prem.L-3. [ ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

[ ] Does ______ to ______

Plaintiff, a recreational user, was [ ] an invited guest [ ] a paying guest.

Prem.L-4. [ ] ***Count Three—Dangerous Condition of Public Property*** *The defendants who owned public property on which a dangerous condition existed were (names):*

[ ] Does ______ to ______

a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.

b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5.a. [✔] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*

Schindler Elevator Corporation; Macy's, Inc.; and

[✔] Does 1 to 20

b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are [ ] described in attachment Prem.L-5.b [ ] as follows *(names):*





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

PLD-PI-001(2)

| SHORT TITLE: Arika Janet Flowers and Aubrey Flowers v. Macy's, Inc.; et. al. | CASE NUMBER: 26NWCV00690 |
|---|---|

Two (number) **CAUSE OF ACTION—General Negligence** Page 5

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Arika Janet Flowers and Aubrey Flowers

alleges that defendant *(name):* Schindler Elevator Corporation; Macy's, Inc.; and

☑ Does 1 to 20

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* May 9, 2025

at *(place):* Macy's. 500 Los Cerritos Center Rm 1, Cerritos, CA 90703

*(description of reasons for liability):*

At all times herein mentioned, defendants, and each of them, were the owners, operators, lessors, lessees, managers, caretakers, repairers, contractors, controllers, franchisees, franchisors, and maintained the building and premises located at 500 Los Cerritos Center Rm 1, Cerritos, CA 90703, a Macy's located in the City of Cerritos, County of Los Angeles, State of California, to which property the public is invited to come. On or about May 9, 2025, plaintiffs was lawfully on the property. At all times mentioned herein, defendants, and each of them, had sole and exclusive custody and control of the aforesaid property and activities occurring at said property and owed a duty to plaintiffs and others lawfully on said premises to keep said premises in a good and safe condition; contrary thereto, defendants and each of them, were negligent, careless, and reckless in the ownership, care, control, maintenance, operation, leasing, management, care-taking, repairing, franchising, contracting, and subcontracting of said premises, in that they caused and permitted said premises to be and remain in a dangerous and unsafe condition in that defendants, and each of them, caused the malfunction of the escalator to remain as a dangerous condition as it malfunctioned. In addition, defendants, and each of them were negligent, careless, and reckless in that they failed to protect the area from said dangerous condition. Said defendants, and each of them, knew and were fully apprised, or should have known in the exercise of reasonable care, that the malfunctioning escalator constituted a hazard and a menace to plaintiffs and others on the premises. By reason of the aforesaid negligence, carelessness, and recklessness of defendants, and each of them, as aforesaid, and as a direct and proximate result thereof, plaintiffs were being dragged around by the escalator, injuring their back, shoulders, elbow and right knee, on the premises, and sustained severe injuries as a result thereof. Defendants and their employees/agents were guilty of negligent, wanton, reckless, tortious and unlawful acts and omissions that were the cause of the injuries and damages herein alleged. Plaintiffs have sustained personal injuries requiring medical treatment, has incurred and will continue to incur medical expenses, suffered lost wages/earnings, will incur future loss of earnings, and has sustained emotional distress and pain and suffering.

| SHORT TITLE: Arika Janet Flowers and Aubrey Flowers v. Macy's, Inc.; et. al. | CASE NUMBER: 26NWCV00690 |
|---|---|

**ATTACHMENT** *(Number)*: 3

*(This Attachment may be used with any Judicial Council form.)*

# THIRD CAUSE OF ACTION

## Negligence - Common Carrier Heightened Duty of Care

## (Against All Defendants and DOES 1 through 50)

**1.** Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

**2.** At all times relevant herein, Defendants, and each of them, owned, operated, maintained, managed, controlled, inspected, repaired, and/or serviced the escalator located at Macy's, 500 Los Cerritos Center Rm 1, Cerritos, CA 90703. (hereinafter "the Subject Escalator").

**3.** At all times relevant herein, the Subject Escalator was a "conveyance" as defined under California Safety Code.

**4.** At all times relevant herein, Defendants, and each of them, operated the Subject Escalator as a common carrier within the meaning of California Civil Code sections 2100 through 2101, in that the Subject Escalator was offered to the general public for the transportation of persons from one level to another within the premises.

**5.** As a common carrier, Defendants, and each of them, owed Plaintiff and all members of the public using the Subject Escalator the highest degree of care and the vigilance of a very cautious person. (Cal. Civ. Code § 2100.) This duty required Defendants to use the utmost care and diligence in the maintenance, inspection, operation, and safe-keeping of the Subject Escalator to ensure the safe carriage of passengers. (Cal. Civ. Code § 2100; CACI No. 1103.)

**6.** A common carrier of persons is bound to use the highest care and the vigilance of a very cautious person, and a common carrier is responsible for any, even the slightest, negligence in connection therewith. (Cal. Civ. Code §§ 2100, 2101.)

**7.** Defendants, and each of them, breached their heightened duty of care as common carriers in one or more of the following respects, including but not limited to:

a. Failing to properly and adequately maintain the Subject Escalator in a safe condition;

b. Failing to properly and adequately inspect the Subject Escalator at regular and appropriate intervals;

c. Failing to properly and adequately repair known or discoverable defects in the Subject Escalator;

d. Failing to ensure that the Subject Escalator complied with all applicable codes, standards, and regulations, including but not limited to the ASME A17.1 Safety Code for Escalators

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

| SHORT TITLE: Arika Janet Flowers and Aubrey Flowers v. Macy's, Inc.; et. al. | CASE NUMBER: 26NWCV00690 |
|---|---|

**ATTACHMENT** *(Number)*: 3

*(This Attachment may be used with any Judicial Council form.)*

e. Failing to properly train, supervise, and monitor employees and/or agents responsible for the maintenance, inspection, and repair of the Subject Escalator;

f. Operating the Subject Escalator when Defendants knew or should have known it was in a dangerous or defective condition;

g. Failing to warn Plaintiffs and other users of known or discoverable dangerous conditions;

h. Failing to use the utmost care and diligence for the safe carriage of passengers on the Subject Escalator.

**8.** Alternatively, Plaintiffs invoke the doctrine of res ipsa loquitur. The Subject Escalator was under the exclusive control and management of Defendants, and each of them. The incident and injuries sustained by Plaintiffs would not have occurred in the ordinary course of events absent negligence on the part of one or more of the Defendants. Plaintiffs did not contribute to the incident by any voluntary action or negligence. Under these circumstances, a presumption of negligence arises against Defendants. (See Escalante v. Wilson's Art Studio (1971) 19 Cal.App.3d 165; Eng v. City & County of San Francisco (1967) 250 Cal.App.2d 553.)

**9.** On or about May 9, 2025, Plaintiffs Arika Janet Flowers and Aubrey Flowers were passengers and fare-paying or invited user of the Subject Escalator, and was thereby owed the heightened duty of care afforded to passengers of a common carrier.

**10.** While Plaintiffs were lawfully using the Subject Escalator as an ordinary, prudent passenger, the Subject Escalator had a strange noise, then malfunctioned causing Plaintiffs to be pulled and dragged by the escalator, thereby causing Plaintiffs to injure their elbows, shoulder, back and knee.

**11.** The negligence of Defendants, and each of them, was a substantial factor in causing Plaintiffs' injuries and damages as alleged herein.

**12.** As a direct and proximate result of the above-described negligent acts and/or omissions of Defendants, and each of them, Plaintiffs have suffered general and special damages according to proof at the time of trial.

**13.** With respect to Defendant Schindler Elevator Corporation, and/or its subsidiaries, agents, and/or affiliates, said Defendant owed an independent and additional duty as the entity contracted to inspect, maintain, service, and/or repair the Subject Escalator. By undertaking such maintenance obligations, Defendant Schindler assumed a duty to exercise reasonable care and, as applicable, the heightened standard of care owed by a common carrier, in performing said inspection, maintenance, service, and/or repair. Defendant Schindler breached this duty, and said breach was a substantial factor in causing Plaintiffs' injuries.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*



Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov